Fenway Polar Representative, LLC v Americold Realty Trust (2021 NY Slip Op 06797)





Fenway Polar Representative, LLC v Americold Realty Trust


2021 NY Slip Op 06797


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 652584/20 Appeal No. 14769 Case No. 2021-02038 

[*1]Fenway Polar Representative, LLC, Plaintiff-Appellant,
v
Americold Realty Trust, Defendant-Respondent.


Ropes & Gray LLP, New York (Gregg L. Weiner of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan LLP, New York (Jonathan E. Pickhardt of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about May 10, 2021, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
This action arises from the alleged interference with the sale of a privately held company. Plaintiff sues solely as an attorney-in-fact for the former shareholders of the company. Plaintiff has no standing to sue because it suffered no separate injury. The injury was derivative as it was based solely on the diminution of the value of the company, which was shared equally by all shareholders (see Tooley v Donaldson, Lufkin & Jenrette, Inc., 845 A2d 1031, 1038 [Del 2004]).
Moreover, because the alleged interference was with the landlords of the company, and not with the auction bidders for the company or anyone else with whom the stockholders had a potential relationship, the claim for interference with potential economic relations was properly dismissed (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]).
While plaintiff's claim that it sold the stock for a fraudulently depressed price does satisfy the out-of-pocket loss rule (see Bernstein v Kelso & Co., 231 AD2d 314, 322 [1st Dept 1997]), the fraud claim was properly dismissed for lack of standing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021